UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ALTERA GROUP, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.1:26-CV-23950-JB |
| | § | |
| NORTH STAR HOLISTICS, LLC, | § | |
| and ANTHONY J. OLIVA, JR. M.D. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants North Star Holistics, LLC ("North Star") and Anthony J. Oliva, Jr. ("Dr. Oliva") (collectively, "Defendants"), hereby file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In support thereof, Defendant would respectfully show the Court as follows:

## **INTRODUCTION**

1.      On April 29, 2026, Plaintiff filed its Original Complaint in Cause No. 2026-008693-CA-01 in the Circuit Court for the Eleventh Judicial Circuit in and for Maimi-Dade County, Florida, initiating a civil cause of action against Defendants.

2.      On June 8, 2026, Defendants removed this case to Federal Court based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

3.      Plaintiff is a Tennessee company with its principal place of business in Nashville. *Plaintiff's Complaint* ¶ 5 (Dkt. 1-1 p.10).  Defendants are Texas residents.  *Id.* ¶¶ 7-8.

---

4.      Plaintiff alleges multiple causes of action against Defendants, related to an alleged failure to pay for skin substitute products supplied by Plaintiff.  Specifically, Plaintiff alleges causes of action against Defendants for breach of contract, account stated, unjust enrichment, and conversion.  Plaintiff makes these allegations collectively against both defendants.

5.      Plaintiff's Complaint fails to properly invoke Florida's long-arm jurisdiction because it does not allege any facts to indicate that Defendants have any contact with Florida and therefore should be dismissed.

## LEGAL STANDARD

6.      A court has personal jurisdiction over a non-resident defendant if (1) the state's long-arm statute provides jurisdiction, and (2) the exercise of such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  *Tufts v. Hay*, 977 F.3d 1204, 1211 (11th Cir. 2020).

7.      Generally, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  But if "a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion to dismiss," Federal Rule of Civil Procedure 12(i) affords the district court "discretion on how to proceed."  *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021).  The district court has two options: (1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction or (2) decide the motion to dismiss "under a *prima facie* standard" without an evidentiary hearing.  *Id*. at 1364–65; FED. R. CIV. P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion

under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.").

## ARGUMENTS AND AUTHORITIES

8.      Plaintiff does not allege any facts to support jurisdiction in Florida.  Although a *prima facie* analysis of Plaintiff's Complaint shows that Defendants lack the necessary contacts with Florida to support long-arm jurisdiction, Defendants also submit the Declaration of Samantha Edwards as support, which is attached as Exhibit A.

**(1) Florida's long-arm statute does not provide jurisdiction.**

9.      Plaintiff's Complaint fails to support the first prong of the personal jurisdiction analysis.  Specifically, it does not allege any facts that could implicate Florida's long-arm statute.

10.     Florida's Long–Arm statute provides that:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. (b) Committing a tortious act within this state.

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting FLA. STAT.§ 48.193(1)(a).  The statute further provides that '[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." FLA. STAT.§ 48.193(2).[1]

11.     Plaintiff's causes of action all sound in contract, so there are no allegations that Defendants committed a tortious act in Florida.  *See id.* ¶ 18 (Dkt. 1-1 p.11) ("This action arises

---

[1] There are about one dozen other instances that may support jurisdiction such as 'proceeding for paternity," that clearly do not apply here and will not be analyzed but are addressed in Defendants' supporting declaration.

from Defendants' failure to pay for skin substitute products supplied by Altera pursuant to a written Contract for the purchase of skin substitutes.").

12.     Plaintiff does not allege that Defendants conduct business in Florida or maintain an office in this state.  Plaintiff alleges that "[v]enue is proper in Miami-Dade County because *Altera* conducts substantial business operations in Miami-Dade County relating to the sale, distribution, billing, and collection of skin substitute products.  *Plaintiff's Complaint* ¶ 17 (Dkt. 1-1 p.11).  This allegation has no bearing on this Court's jurisdiction over Defendants because Altera is the Plaintiff.

13.     The activities of the Plaintiff are irrelevant to jurisdictional analysis.  *See Horizon Aggressive Growth, L.P.*, 421 F.3d at 1167 ("Moreover, the fact that Kass rendered in California professional services for the benefit of a Florida citizen was insufficient by itself to trigger the provisions of the Florida Long–Arm statute.").

14.     In fact, Defendants do not conduct any business in Florida.  *See* Ex. A ¶ 3 (Dec. of Samantha Edwards).  Defendants did not execute the contract at issue in Florida.  *Id.*  Defendants are residents of Texas and executed the contract in Texas.  *Id.* ¶ 2.  Defendants accepted Plaintiff's goods in Texas, and Defendants used the products they received from Plaintiff in Texas.  *Id.* ¶ 3.

15.     Florida cannot exercise long-arm jurisdiction over Defendants because none of the circumstances identified in FLA. STAT.§ 48.193 are present, such that the state's long-arm statute could permit jurisdiction.  *Tufts v. Hay*, 977 F.3d 1204.  Therefore, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction.  FED. R. CIV. P. 12(b)(2).

---

**(2)      The exercise of such jurisdiction in Florida does not comport with the Due Process Clause of the Fourteenth Amendment.**

16.      Florida's exercise of jurisdiction over Defendants violates the Due Process Clause of the Fourteenth Amendment because Defendants have no contacts with the State of Florida other than this lawsuit.

17.      To exercise personal jurisdiction over Defendants, the Due Process Clause of the Fourteenth Amendment to the United States Constitution "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice." *See Horizon Aggressive Growth, L.P.*, 421 F.3d at 1166 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

18.      These contacts must be continuous and systematic. *Int'l Shoe Co. v. Washington*, 326 U.S. at 317 ("the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there.").

19.      As explained above, subjecting Defendants to the jurisdiction of a court in Florida violates Defendants' right to Due Process because Defendants have no continuous and systematic contacts with Florida.  Defendants did not execute the contract at issue in Florida.  *See* Ex. A ¶ 3 (Aff. of Samantha Edwards).   Defendants are residents of Texas and executed the contract in Texas.  *Id.* ¶ 2.  Defendants accepted Plaintiff's goods in Texas, and Defendants used the products they received from Plaintiff in Texas.  *Id.* ¶ 3.

20.      Therefore, jurisdiction in Florida offends "traditional notions of fair play and substantial justice" and this case must be dismissed.  *See Horizon Aggressive Growth, L.P.*, 421 F.3d at 1166.

---

## PRAYER FOR RELIEF

WHEREFOR, Defendants respectfully request that the Court dismiss this case for lack of personal jurisdiction, and for all other relief in law and equity to which they may be entitled.

Dated: June 17, 2026

Respectfully submitted,

**CLARK HILL PLC**
2301 Broadway Street
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

By: */s/ Frank Scaglione*
   **FRANK SCAGLIONE, ESQ.**
   State Bar No. 1015929
   FScaglione@ClarkHill.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all of the following counsel of record on June 17, 2026, via the Court's CM/ECF System.

*/s/ Frank Scaglione*
**FRANK SCAGLIONE, ESQ.**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ALTERA GROUP, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.1:26-CV-23950-JB |
| | § | |
| NORTH STAR HOLISTICS, LLC, | § | |
| and ANTHONY J. OLIVA, JR. M.D. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DECLARATION OF SAMANTHA EDWARDS

1. My name is Samantha Edwards. I am the Managing Member of North Star Holistics, LLC ("North Star Holistics"), one of the defendants in the above-styled lawsuit. I am over the age of 21 and have personal knowledge of the matters and the facts set forth in this Declaration.

2. I am a resident of Texas. North Star Holistics' co-defendant, Anthony J. Oliva, Jr. M.D., is a resident of Texas. All of the work he performs on behalf of North Star Holistics occurs in Texas.

3. Dr. Oliva executed the contract made the basis of Altera Group, LLC's claims in the above-styled lawsuit on behalf of North Star Holistics in Texas. North Star Holistics accepted Plaintiff's products in Texas, and North Star Holistics used the products they received from Plaintiff in Texas.

4. North Holistics and Dr. Oliva:
   a. Do not operate, conduct, engage in, or carry on a business or business venture in Florida;
   b. Do not maintain an office or agent in Florida;
   c. Do not own, use, possess, or hold a mortgage or other lien on any real property;
   d. Do not contract to insure a person, property, or risk located in Florida;
   e. Do not solicit service activities in Florida;
   f. Do not manufacture, process, or service products, materials, or things used or consumed within Florida in the ordinary course of commerce, trade, or use;
   g. Did not fail to perform an act required by the contract to be performed in Florida;
   h. Did not enter into a contract that complies with FLA. STAT. § 685.102; and
   i. Are not parties to proceedings for paternity, alimony, child support, or division of property in connection with an action to dissolve a marriage in Florida.

5. Under penalties of perjury, I declare that I have read the foregoing Declaration and the facts stated in it are true.

Executed on June 16, 2026.

_____
SAMANTHA EDWARDS